■ In the Matter of Pil J. Lee, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [959 NYS2d 462]—

---

Per Curiam.

Respondent was admitted to practice by this Court in 2003. He practices immigration law in Los Angeles, California.

Petitioner moves for respondent's immediate suspension from the practice of law pending final determination of disciplinary charges filed against him (*see* 22 NYCRR 806.4 [f]). Such charges include neglecting a client matter and engaging in fraudulent conduct prejudicial to the administration of justice (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3, 8.4 [c], [d]). Though he opposes the motion, respondent has admitted the specifications underlying the charged violations, which, among other things, involve misleading petitioner and knowingly providing fabricated documentation to the client, ostensibly from the United States Citizen and Immigration Services agency.

Under the circumstances presented, and especially noting that respondent received a letter of admonition in February 2012 for a similar offense, we find that he is guilty of professional misconduct immediately threatening the public interest. We therefore grant petitioner's motion to suspend respondent from the practice of law pending consideration of the disciplinary charges.

Lahtinen, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law, effective upon service on respondent of this memorandum and order, and until further order of this Court, and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).